IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK FAZIO, <br><br> Plaintiff, <br> v. <br><br> AUTOMOTIVE TRAINING CENTER, <br><br> Defendant. | CIVIL ACTION <br><br> NO. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Frank Fazio ("Plaintiff") brings this lawsuit against Defendant Automotive Training Center ("Defendant") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual living in Royersford, Pennsylvania (Montgomery County).

4. Defendant is a corporate entity registered to do business in Pennsylvania and, upon information and belief, maintaining a principal place of business in Warminster, Pennsylvania (Bucks County).

5. Defendant is an employer engaged in interstate commerce and/or in the

production of goods for commerce.

6. Defendant has gross operating revenues in excess of $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

## FACTS

7. Defendant is a for-profit trade/technical school that operates facilities in Warminster, Pennsylvania and Exton, Pennsylvania and provides students with training in the automotive and marine service industries.

8. Plaintiff was employed by Defendant as an Admissions Representative from approximately July 2010 until July 12, 2011.

9. As an Admissions Representative, Plaintiff was classified by Defendant as exempt from overtime pay and did not receive any compensation for hours worked over 40 in a workweek.

10. Plaintiff regularly worked over 40 hours per workweek.

11. Beginning in approximately February 2011, Plaintiff began to suspect that Defendant was violating the FLSA by classifying him and other Admissions Representatives as overtime-exempt and failing to pay them any compensation for their overtime hours. Thereafter, Plaintiff retained a law firm to investigate the potential filing of an FLSA lawsuit.

12. During the Spring/Summer of 2011, Plaintiff disclosed to several Admissions Representatives that he was in contact with a law firm and was contemplating litigation against Defendant for overtime violations.

13. Kim Ewing ("Ewing"), the Executive Director of Admissions for Defendant, supervised Plaintiff and other Admissions Representatives.

14. On July 12, 2011, Ewing questioned Admissions Representatives about

Plaintiff's efforts to investigate Defendant's compliance with the overtime laws and Plaintiff's purported intention to commence a legal action against Defendant. During the last of these meetings, an Admissions Representative confirmed to Ewing that Plaintiff was contemplating bringing legal action against Defendant. Approximately six hours later, Ewing and Don VanDemark, Vice President and Chief Operating Officer of Defendant, terminated Plaintiff's employment.

15. Plaintiff was terminated notwithstanding his outstanding job performance and his lack of any significant disciplinary history.

16. Defendant's termination of Plaintiff's employment was motivated by its desire to discriminate against Plaintiff for investigating his FLSA rights and taking steps to file a lawsuit to vindicate such rights.[1]

17. Defendant's above-described actions were undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT I
### (Alleging Violations of the FLSA)

18. All previous paragraphs are incorporated as though fully set forth herein.

19. Plaintiff is a covered employee entitled to the above FLSA protections.

20. The FLSA prohibits employers from discriminating against employees who engage in protected activity to enforce their FLSA rights. *See* 29 U.S.C. § 215(a)(3). This provision prohibits, *inter alia*, adverse employment actions based on an employer's perception that an employee is seeking to enforce his/her FLSA rights. *See, e.g., Brock v. Richardson*, 812 F.2d 121 (3d Cir. 1987).

---

[1] Plaintiff did ultimately commence a collective action alleging that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and other Admissions Representatives. *See Frank Fazio, et al. v. Automotive Training Center*, 2:11-cv-06282-AB. Such action is pending before this Court.

21. Defendant's termination of Plaintiff's employment violated the FLSA's anti-discrimination provision.

22. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid past and future wages and benefits stemming from the termination of Plaintiff's employment;

B. Compensatory damages, including damages for the emotional pain and suffering caused by the termination of Plaintiff's employment and Plaintiff's subsequent unemployment;

B. Liquidated damages, punitive damages, and pre-judgment interest to the fullest extent permitted under federal law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

Date: April 9, 2012

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
THE WINEBRAKE LAW FIRM, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491

*Counsel for Plaintiff*